# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| ROY JOSEPH RANDLE, Sr., individually and on behalf of all others similarly situated,<br><br>v.<br><br>STATEWIDE TRANSPORT, INC. | **Case No.** _____<br><br>FLSA Collective Action |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Roy Joseph Randle, Sr. brings this lawsuit against Statewide Transport, Inc. ("Statewide Transport") to recover unpaid overtime wages and other damages under the Fair Labor Standards Act (FLSA).

2. Statewide Transport failed to pay Randle, and other workers like him, overtime as required by federal law.

3. Instead, Statewide Transport paid Randle, and other workers like him, the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

4. This collective action seeks to recover the unpaid wages and other damages owed to Randle and other workers like him at Statewide Transport.

### JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Randle worked for Statewide Transport in this District and Division.

## PARTIES

7. Randle was, at all relevant times, an employee of Statewide Transport.

8. Randle was an hourly employee of Statewide Transport.

9. Randle's written consent is attached as Exhibit 1.

10. The class of similarly situated employees or potential class members sought to be certified is defined as:

> **All hourly employees of Statewide Transport, Inc. who were, at any point in the past three years, paid "straight time for overtime."**

11. Statewide Transport, Inc. is a Louisiana corporation with its headquarters and principal place of business in Tangipahoa Parrish, Louisiana. It may be served by service upon its registered agent, **Dwayne Martin, 12047 Old Baton Rouge Highway, Hammond, LA 70403**, or by any other method authorized by law.

## COVERAGE UNDER THE FLSA

12. Statewide Transport was and is an employer of the Putative Class Members within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

13. Statewide Transport was and is part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

14. During at least the last three years, Statewide Transport has had gross annual sales in excess of $500,000.

15. Statewide Transport was and is part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

16. Statewide Transport employs many workers, including Randle, who are engaged in commerce or in the production of goods for commerce and/or who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person.

17. The goods and materials handled, sold, or otherwise worked on by Randle and other Statewide Transport employees and that have been moved in interstate commerce include, but are not limited to, motor vehicles and cargo within them.

## FACTS

18. Statewide Transport is a motor carrier located in Hammond, Louisiana.

19. Randle began working for Statewide Transport in 2017.

20. Randle was employed as a driver for Statewide Transport.

21. As a driver, Randle made deliveries in Louisiana.

22. Randle never traveled outside of Louisiana for Statewide Transport.

23. Randle never made a delivery for Statewide Transport outside of Louisiana.

24. Randle was not expected to make deliveries for Statewide Transport outside of Louisiana.

25. Statewide Transport's drivers did not make deliveries outside of the state in which they worked for Statewide Transport.

26. So a driver who worked for Statewide Transport in Louisiana did not make a delivery in any state other than Louisiana.

27. Randle was an hourly employee of Statewide Transport.

28. Statewide Transport did not pay Randle a salary.

29. Statewide Transport did not pay Randle on a fee basis.

30.     Statewide Transport paid Randle by the hour.

31.     Statewide Transport paid Randle $15 per hour.

32.     Randle reported the hours he worked to Statewide Transport on a regular basis.

33.     Randle's hours are reflected in Statewide Transport's records.

34.     Statewide Transport paid Randle at the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

35.     Randle normally worked more than 40 hours in a week.

36.     But rather than receiving time-and-a-half as required by the FLSA, Randle only received "straight-time" pay for overtime hours worked.

37.     This "straight-time-for-overtime" payment scheme violates the FLSA.

38.     Statewide Transport was well aware of the overtime requirements of the FLSA.

39.     Statewide Transport nonetheless failed to pay certain hourly employees, such as Randle, overtime.

40.     Statewide Transport's failure to pay overtime to these hourly workers was, and is, a willful violation of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

41.     Statewide Transport's illegal "straight time for overtime" policy extends well beyond Randle.

42.     It is the "straight time for overtime" payment plan that is the "policy that is alleged to violate the FLSA" in this FLSA collective action. *Bursell v. Tommy's Seafood Steakhouse*, No. CIV.A. H-06-0386, 2006 WL 3227334, at *3 (S.D. Tex. Nov. 3, 2006); *see*

*also*, *e.g.*, *Wellman v. Grand Isle Shipyard, Inc.*, No. CIV.A. 14-831, 2014 WL 5810529, at *5 (E.D. La. Nov. 7, 2014) (certifying "straight time for overtime" claim for collective treatment).

43. Statewide Transport has paid other hourly workers according to the same unlawful scheme.

44. Any differences in job duties do not detract from the fact that these hourly workers were entitled to overtime pay.

45. The workers impacted by Statewide Transport's "straight time for overtime" scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

46. Therefore, the class sought to be certified is properly defined by paragraph 10 as:

> **All hourly employees of Statewide Transport, Inc. who were, at any point in the past three years, paid "straight time for overtime."**

### CAUSE OF ACTION–OVERTIME VIOLATIONS OF THE FLSA

47. Randle incorporates all preceding paragraphs.

48. By failing to pay Randle and the other Putative Class Members overtime at 1.5 times their regular rates, Statewide Transport violated the FLSA. 29 U.S.C. § 207(a).

49. Statewide Transport owes Randle and the other Putative Class Members the difference between the rate actually paid and the proper overtime rate.

50. Because Statewide Transport knew, or showed reckless disregard for whether, its pay practices violated the FLSA, Statewide Transport owes these wages for at least the past three years.

51. Statewide Transport also owes Randle and the other Putative Class Members an amount equal to the unpaid overtime wages as liquidated damages.

52. Randle and the other Putative Class Members are entitled to recover all reasonable attorneys' fees, costs, and expenses incurred in this action.

## RELIEF SOUGHT

53. Wherefore, Randle prays for judgment against Statewide Transport as follows:

   (a) For an order certifying this case as a collective action for the purposes of the FLSA claims;

   (b) For an order finding Statewide Transport liable for violations of state and federal wage laws with respect to Randle and all Putative Class Members covered by this case;

   (c) For a judgment awarding all unpaid wages, liquidated damages, and/or penalty damages, to Randle and all Putative Class Members covered by this case;

   (d) For a judgment awarding Randle and all Putative Class Members covered by this case their costs of this action;

   (e) For a judgment awarding Randle and all Putative Class Members covered by this case their attorneys' fees;

   (f) For a judgment awarding Randle and all Putative Class Members covered by this case pre- and post-judgment interest at the highest rates allowed by law; and

   (g) For all such other and further relief as may be necessary and appropriate.


Respectfully submitted,

*/s/ Kenneth St. Pé*

By: _____

**Kenneth St. Pé**, T.A.
Louisiana Bar Roll 22638
**St. Pé Law**
311West University Ave., Ste. A
Lafayette, LA 70506
Telephone: (337) 534-4043
Telecopier: (337) 534-8379
kds@sptpelaw.com

**Matthew S. Parmet**
Louisiana Bar # 32855
**Parmet PC**
800 Sawyer St.
Houston, Texas 77007
phone  713 999 5228
fax      713 999 1187
matt@parmet.law

**Attorneys for Plaintiff**